UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

EZEKIEL KOLLAR,
KEITH HAYWOOD,

                Plaintiffs,

**Hon. Hugh B. Scott**

07CV130

                v.

**Order**

CONAGRA FOODS RETAIL PRODUCTS CO.,
GROCERY FOODS GROUP,
SEDER FOODS,

                Defendants.

      Before the Court are defendant ConAgra Foods, Inc.'s, motion for a stay pending action by the Judicial Panel on Multidistrict Litigation (Docket No. 10) and plaintiff Keith Haywood's response with cross-motion for an Order to allow him to contact co-plaintiff Ezekiel Kollar (Docket No. 14). Responses to ConAgra's motion were due by May 31, 2007, with replies due by June 14, 2007, and the motion submitted by June 19, 2007 (Docket No. 12), awaiting action on a similar motion in another ConAgra tainted peanut butter action in this District (id.). To date, plaintiff Kollar has not responded to ConAgra's motion or commented on Haywood's cross-motion.

      Plaintiffs, proceeding pro se, were both inmates at the Attica Correctional Facility (see Docket No. 1, Compl.) when they filed this Complaint. They both allege that they ate tainted peanut butter manufactured by defendant ConAgra Foods that later was subject to a product recall (id. ¶¶ 15, 43-44). They amended the Complaint (Docket No. 8), but by then Kollar was

relocated to Groveland Correctional Facility.  Plaintiff Haywood states that he has attempted to contact Kollar through prison channels but he was denied by a prison counselor who told him that he needed an order to allow inmate-to-inmate communication (Docket No. 14, Pl. Haywood Response ¶¶ 11-12).  Haywood even states that he cannot serve his reply and cross-motion upon co-plaintiff Kollar without circumventing the facility's bar (id. ¶ 13).  Haywood only indicates that he made this request to his counselor (id. ¶ 11) and did not indicate whether he pursued this through the superintendent or appealed the counselor's decision.

Under Department of Correctional Services' regulations, inmate-to-inmate communications are restricted, requiring the approval of the superintendents in both facilities, N.Y. Dep't of Correctional Servs. Policy & Procedural Manual, Dir. #4422, III.C.1. (June 12, 1997), although there is an express exception in the regulations allowing communication between codefendants in active cases, id. III.C.1.b. (see id. ¶ 12).  Other inmate-to-inmate communication is approved in exceptional circumstances, id. III.C.1.b.  Such communication is not deemed privileged by the Department of Correctional Services, id. III.C.4.

While plaintiffs have a constitutional right to access to the courts and to due process while in court and may need to contact each other to advance these rights (such as to discuss pre-trial and trial strategy, serve documents upon each other, see Docket No. 14, Pl. Haywood Response ¶ 13, circulate or obtain discovery, and the like), this must be balanced against the security, safety, and good order requirements of plaintiffs' facilities.  Unlike most cases which inmate plaintiffs commence, defendants are not the state or prison officials who could be ordered to facilitate co-plaintiff contact.

Plaintiff Haywood does not state if he has requested from his superintendent permission to communicate with Kollar or whether Kollar has made a similar request to the superintendent at Groveland Correctional Facility.  Before ordering that result, plaintiffs need to exhaust this administrative remedy, see also id. III.C.2. (denial of request to communicate are to be in writing with stated reasons for denial, placed in both inmates' files; appeals from denial are to the Commissioner or his designee within thirty days).  That way, the prison officials can work out a mechanism to allow plaintiffs to contact each other about this case without endangering facilities' safety, security or good order.

Therefore, plaintiff Haywood's cross-motion (Docket No. 14) is **denied** without prejudice to renew if, upon exhausting their administrative remedies, plaintiffs are still denied.

Defense counsel for ConAgra wrote to the Court that its motion for a stay should be deemed submitted as of May 30, 2007 (letter to chambers, May 30, 2007).  The Court will keep the motion open until June 19, 2007, as previously ordered, and after argument of the similar motion for a stay in Avalone v. ConAgra, No. 07CV6084.

So Ordered.

                                                   /s/ Hugh B. Scott
                                                   Honorable Hugh B. Scott
                                                   United States Magistrate Judge

Dated: Buffalo, New York
       June 6, 2007