UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

EZEKIEL KOLLAR,
KEITH HAYWOOD,

                    Plaintiffs,

                    v.

**Hon. Hugh B. Scott**

07CV130

**Order**

CONAGRA FOODS, INC., and
SEDER FOODS,

                    Defendants.

Before the Court is plaintiffs' joint motion for partial summary judgment (Docket No. 20[1], dated June 26, 2007, received and filed July 5, 2007). Plaintiffs seek partial summary judgment on the liability phase of the case on their claims for strict product liability under New York law (id., Pls. Jt. Affirm. ¶¶ 19-25, Ex. E (online press report, Apr. 9, 2007)), with the only issue for trial being plaintiffs' damages (id. ¶ 25).

## BACKGROUND

Previously, this Court granted defendant ConAgra Foods, Inc.'s ("ConAgra"), motion for a stay of all proceedings pending disposition of a pending application to the Judicial Panel on Multidistrict Litigation ("JPML") (Docket Nos. 10, 18), see 28 U.S.C. § 1407; see also In re ConAgra Peanut Butter Products Liab. Litig., MDL-1845. ConAgra's counsel wrote to the Court

---

[1]In support of this motion, plaintiffs filed their joint affirmation with exhibits, Docket No. 20.

upon service of plaintiffs' motion seeking to have the Court to decline consideration of that motion (letter of Carol Snider, July 9, 2007, to chambers). In a subsequent letter, ConAgra's counsel also sought an order prohibiting future motions filed by the parties absent an Order lifting the stay (letter of Carol Snider, July 11, 2007, to chambers). On July 11, 2007, this Court requested that ConAgra make a formal motion regarding the status of the stay and plaintiffs' present motion (Docket No. 21).

ConAgra then submitted its response (Docket No. 22[2]) to plaintiffs' motion in light of the stay. ConAgra notes that the JPML heard argument of the application for appointment of a Multidistrict Litigation court for ConAgra peanut butter claims on May 31, 2007, and a decision from the JPML is pending (Docket No. 22, Def. Atty. Decl. ¶ 13). ConAgra concludes that plaintiffs' motion is premature (id. ¶ 17). ConAgra seeks to strike plaintiffs' motion without prejudice or to stay its consideration and/or disposition, reserving the right in the latter case to respond fully to the motion after all existing stays have been lifted (id. ¶ 11; Docket No. 22, Def. Memo. at 3)[3]. ConAgra then notes that plaintiffs will not be prejudiced by the stay or the delay in considering their motion (Docket No. 22, Def. Atty. Decl. ¶¶ 14, 15).

---

[2]This submission includes ConAgra counsel's declaration and memorandum of law, Docket No. 22.

[3]ConAgra alternatively and briefly argues that plaintiffs are not entitled to summary judgment because "no genuine issue of material fact linking Plaintiffs to the peanut butter at issue and the alleged salmonella," Docket No. 22, Def. Atty. Decl. ¶ 16; see Docket No. 22, Def. Memo. at 6 (plaintiffs fail to show that the peanut butter purchased was ConAgra's or part of the limited recall).

## DISCUSSION

Plaintiff Haywood agreed to the stay in his response to ConAgra's initial stay motion, provided that settlement discussions could occur during the stay[4] (see Docket No. 18, Order at 2; Docket No. 14, pl. Haywood's response), while plaintiff Kollar did not respond.

> "A stay is a suspension of the case or some designated proceeding within it. It is a kind of injunction with which a court freezes its proceedings at a particular point. It can be used to stop the prosecution of the action altogether, or to hold up only some phase of it . . . ,"

Black's Law Dictionary 1413 (6th Centennial Edition 1991). As noted in the stay Order, there is no Scheduling Order in place, hence no discovery has occurred (Docket No. 18, Order at 2). So a motion for summary judgment is premature since no discovery has been conducted; an obvious response to plaintiffs' present motion is for ConAgra to argue that it needs discovery under Federal Rule of Civil Procedure 56(f) as well as discovery under Rules 26 to 37 which has yet to occur. ConAgra's motion sought a limited stay, to allow agreed upon inspection, testing, preservation, or documentation relevant to this action while the rest of the action was paused pending action by the JPML (Docket No. 10, ConAgra Memo. at 10; Docket No. 22, Def. Atty. Decl. ¶¶ 8, 12, Ex. E).

---

[4] ConAgra counsel's July 11, 2007, letter rejects plaintiffs' request for a settlement conference, deeming such a conference premature, Snider letter to chambers, July 11, 2007.

Plaintiffs' present motion for summary judgment is premature[5]. Litigating the ultimate merits, even partially as to liability, defeats the purpose of the stay. The questions plaintiffs raise in this motion are those common to other plaintiffs in federal actions across the country that now await action by the JPML. The motion raises the fundamental fact issue whether plaintiffs were exposed to ConAgra's product, in particular whether they were exposed to the recalled products (see Docket No. 22, Def. Memo. at 6). The stay ordered was intended to prevent such motions until the JPML has acted on the applications to create a Multidistrict Litigation court for these ConAgra peanut butter actions. According to ConAgra, that application was argued before the JPML on May 31, 2007, and decision is pending (Docket No. 22, Def. Atty. Decl. ¶ 13).

The next question is whether to strike the motion without prejudice or to stay its consideration. By staying the motion, it remains on the Court record (with its deficiencies and based on the absence of discovery) for consideration once the JPML application has been decided, either by the Multidistrict Litigation Court if application is granted or by this Court if not. By striking the motion without prejudice, plaintiffs are reserved the right to file a new motion once the stay is lifted, but the motion is terminated.

The Court will disregard plaintiffs' motion as untimely, inconsistent with the stay, and incomplete. Plaintiffs will not be prejudiced from filing (at the appropriate time and place) a

---

[5]The motion also is incomplete. It lacks a statement of facts for which there is no genuine issue of material fact, and an appendix of admissible evidence to support plaintiffs' contentions, W.D.N.Y. Loc. Civ. R. 56.1(a), (d). The notice also misstated the response time for ConAgra under this Court's Local Civil Rules; under Rule 56.1(e), a responding party has thirty days, or whenever set by the Court, to respond to a summary judgment motion, and not the thirteen days allocated by plaintiffs, see Docket No. 20. See generally id. Rule 5.2(e), and the responsibility of pro se parties to become "familiar with, to follow, and to comply with the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure" with failure to comply with these rules possibly resulting in dismissal of the case with prejudice.

similar motion for summary judgment. Plaintiffs must first await the lifting of the stay (either by this Court or by the Multidistrict Litigation court, if one is established).

## CONCLUSION

Therefore, defendant ConAgra's request to decline to consider plaintiffs' motion for summary judgment (see Docket No. 22; Snider letters) is **granted** and plaintiffs' motion (Docket No.20) is **terminated without prejudice**. The Court Clerk is directed to **terminate** plaintiffs' motion (Docket No. 20). Plaintiffs **shall not file** any further motions until this Court (or the Multidistrict Litigation court assigned this case) lifts the stay.

Chambers of the undersigned will send copies of this Order to plaintiff Kollar at both the Collins and Groveland Correctional Facilities, as well as to the inmate records coordinators in the three facilities in which plaintiffs reside or resided (see Docket No. 22, Def. cert. of service). Plaintiffs are reminded of their obligation under this Court's Local Civil Rules to update the Court (through the Court Clerk) of their current addresses, W.D.N.Y. Loc. Civ. R. 5.2(d).

So Ordered.

/s/ Hugh B. Scott
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
July 18, 2007